BALTASAR PIÑAS, Petitioner and Appellant, *v.* MUNICIPAL COURT OF SAN JUAN, FIRST SECTION, Respondent and Appellee.

No. 8626. Argued December 14, 1942.—Decided December 22, 1942.

*Nicolás Lecároz Largé, Law Clerk of the Department of Labor,* for appellant. *Carlos D. Vázquez* for respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

We are asked to dismiss the appeal taken in this case for lack of jurisdiction and for the reason that the transcript of record was not filed on time.

It appears from the record that Ramón Cruz sued Baltasar Piñas in the Municipal Court of San Juan for $36.99. After bond was given, the court ordered attachment of the property of the debtor to secure the effectiveness of the judgment. The marshal complied with the order and he attached "one-fourth of any amount of money that should be paid by the Central Constancia to the defendant as payment for his work or for anything else." The amount which

was really attached was $5.04, which was deducted from defendant's salary.

On May 16, 1941, the municipal court entered judgment for the plaintiff, and after said judgment was final, the plaintiff requested that the amount attached be delivered to him as partial payment of his credit. In August 13, 1941, the court entered an order "as prayed."

More than seven months later, defendant Piñas requested the municipal court, through the Legal Adviser of the Department of Labor, to annul the attachment and to return to him the amount retained and collected. His motion was dismissed, especially for the reason that the defendant had not paid the fee of one dollar provided in Act No. 10 of 1921 (Laws of 1921, p. 112), under which the suit had been filed, and for the additional reason that his lawyer had not attached a forensic stamp.

Piñas, represented by said legal adviser, asked the District Court of San Juan to issue a writ of certiorari, and after the writ was issued, the municipal court made an appearance and requested that the writ be discharged. The district court granted this request and Piñas took an appeal to this court.

"As we stated at great length in open court," said the district court in its judgment, "we are of the opinion that the attorney for the petitioner is duly acting in his capacity as legal adviser of the Department of Labor and, therefore is not obliged to cancel the forensic stamp. We think, however, that the petitioner is obliged to pay the filing fee, because this is not a case of a controversy between a workman and his employer, and therefore the provision of Act No. 10 of November 14, 1917 (Spec. Sess. Laws, p. 216) is not applicable to this case; nor has our attention been called to any other statute that could exempt the petitioner from the payment of said fee. If the petitioner is without means to pay these fees, he may obtain from this court and

from the municipal court the necessary permission to litigate in *forma pauperis;* but until he secures said permit, we may not give any consideration to the allegations which he pretends to make without having paid the fees required by law."

The facts stated speak for themselves and the reasoning of the district judge, in the sense that Act No. 10 of 1917 is not applicable to this case, decides the new situation created by the lack of payment of the appellate fees, and appellant rests upon that act to hold that he is not obliged to make said payment.

Said act, which was amended by Act No. 40 of 1935, p. 238, was enacted to provide for the procedure to be followed where "a workman or employee shall have to claim from his employer any sum on account of compensation for work or labor done for said employer, or for compensation" when "in case said workman or employee has been discharged without previous notice and without justified cause," and such is not the case here. The fact that Piñas was a workman and that his salary was retained by his employer, not voluntarily but in compliance with a judicial mandate, is not sufficient to place this matter within the provisions of the act. All that may be recognized in favor of the workman, and which as a matter of fact was so recognized, is the benefit of being assisted by counsel of the Department of Labor. With respect to the payment of five dollars for each document on appeal from the district court to the Supreme Court as provided by letter "D" of the table of fees contained in Act No. 17 of 1915, (Laws of 1915, p. 45), the workman in this case, by the sole fact that he is such a workman, may not claim any privilege whatsoever.

Therefore, in view of the foregoing, we must dismiss the appeal, without any necessity to consider and to decide the second ground adduced to support the motion for dismissal. As was said in *Delgado et al. v. Cárdenas,* 34 P.R.R. 233,

affirming *Nazario* v. *Santos*, 27 P.R.R. 83, and *Paz* v. *Bonet*, 30 P.R.R. 860, "When the required revenue stamps are not affixed to a notice of appeal the notice is void and the appeal will be dismissed if compliance with that requirement is not made before the time within which to appeal expires."

The appeal must be dismissed.